## JESSE B. NOYES vs. BENJAMIN EVANS.

N. gave E. a negociable note, under an agreement that E. would receive the pay in
bank bills when the note became due.  N. tendered the bills, but E. did not receive
them, but sold and endorsed the note, and the indorsee collected the amount with
costs.  N. brought suit against E. and recovered, as E. did not demur or object to
parol proof of the agreement.

A plea in bar, that this matter was adjudicated in a plea in bar to the action on the
note, is insufficient, unless it appear that judgment was rendered on account of the
*facts* not being sustained.

·This was a plea of the case, declaring, in substance, that the
defendant engaged, that if the plaintiff would execute and de-
liver to the defendant a note of hand for fifty dollars and inter-
est, payable to the defendant, or his order, in two years, he,
the defendant, who resided in New Hampshire, would take and
receive the payment of said note in current bank bills, at Hyde-
park, on the day it should fall due;—that, relying on this, the
plaintiff executed and delivered said note, and on the day the
note fell due, the plaintiff, at said Hydepark, was ready to pay
the same in current bank bills, and tendered the same, but the
plaintiff did not attend or receive the same; and the plaintiff
has been ever since ready to pay the same, but the defendant
sold and endorsed said note to J. Y. Vail of Montpelier, who,
as indorsee, commenced action thereon, and recovered and
collected the whole amount thereof of the plaintiff, together
with costs.

Plea, the general issue; and also a plea in bar, that, on the
trial of the cause in favor of said Vail, on said note, said Noyes

ORLEANS,
April,
1834.

Noyes
vs.
Evans.

pleaded said tender, according to said agreement, in bar, where-upon there was issue to the said justice court; and, on hearing, the said justice court rendered judgment, that the plaintiff in said action ought not to be barred. To this last plea there was a special demurrer. In the county court there was trial by jury on the general issue, and a verdict for the plaintiff. The court decided that the plea in bar was insufficient, and rendered judgment on the verdict for the plaintiff. The defendant filed' exception to said decision on the plea in bar, and the cause was passed to this court.

*Paddock for the defendant.*—1. The plea in bar shows, that all the matter in the plaintiff's declaration was put in issue and determined in the case of *Vail* vs. *Noyes;* and the plaintiff is barred and estopped thereby.—4 Bac. Abr. 118.

2. There cannot be a doubt that Noyes would have recovered of Vail, had he there proved his plea; but having failed, he should not be suffered to recover here, unless to furnish a fellow to the forlorn case of *Moses* vs. *McFarland.*

*Sawyer and Cushman for the plaintiff.*—The former adjudication, to be a bar, must be between the same parties, and *mutually* binding. In this case there are different parties. Had Noyes recovered of Vail, still Evans would not have been bound thereby. He, as payee, might still have sued the note and again tried the question. Therefore Noyes can do the same as against Evans. There might have been various reasons why Vail could not recover when Evans could, or *vice versa.*— Stark. Ev. 184–7—Same, 190, sec. 55 and note.—Bigelow's Dig. 313, 314.

The opinion of the court was delivered by

COLLAMER, J.—No exception was taken on trial to the parol evidence with which this declaration must, from its nature, have probably been sustained;—no demurrer has been filed to this declaration, or motion in arrest for its insufficiency, and the court are not called on to decide on the well known rule of evidence, in law, that the written contract finally executed between the parties, is the consummation of the transaction, and furnishes more conclusive evidence of the previous or cotemporaneous contract, than any parol testimony can; and forbids and excludes any parol evidence of any thing different from, or inconsistent therewith. This is, however, a rule of evidence

which the party may waive. The whole question now arises on the plea in bar.—The defendant insists, that the plea in bar shows that the matter in the plaintiff's declaration was fully adjudicated and settled, in the suit on the note. Treating the former suit as between the parties, what is the plaintiff's claim? He insists, that he gave, understandingly, a note which was a legal, binding, obligatory note, according to its tenor, and was so intended by the parties; but there was another substantive, cotemporaneous, independent contract, by which Evans agreed to receive the amount in bank bills, at Hydepark, which he did not do, but sold and collected the note. The plea alleges that Noyes pleaded this *in bar*, to the suit on the note, and the court adjudged that the plaintiff, in that suit, ought not be barred. The plea does not show that the justice found the facts stated in the plea were not proved, and therefore rendered judgment that the plaintiff should not be barred. If the judgment in that case can be legally accounted for, and yet the facts stated in the plea have been fully proved, then it is not *res adjudicata;* it would be merely a judgment that the facts did not amount to a bar. The result might have been produced by the parol testimony, in variation of the note being rejected by the justice; or he might have legally decided that the facts in the plea merely amounted to an accord with tender of satisfaction, which was no defence to the note, though, if on good consideration, it might sustain a separate suit; and so have rendered judgment that the plaintiff should recover, tho' the plea was fully proved, *non obstante veredicto.* That judgment is therefore no bar to this claim any more than if Noyes had *pleaded in bar* to that suit any debt or claim he had against Evans, and it had been adjudged no bar, would have been a defence to such claim afterwards. This is no way inconsistent with the case *Barney* vs. *Bliss,* 2 Aik. Rep. 60. In that case the defence went on the ground that there was but one contract between the parties, and sought to set aside the note. In this case, the plaintiff's declaration, and his former plea in bar, both set up a collateral contract, and leave both as subsisting contracts; for the agreement for payment in bills is not such a contract as Evans could have sustained action upon, and therefore was no substitution for the note, but independent.

Judgment affirmed.