## WILLIAM DAVIS *v.* DANIEL GOODRICH.

### *Parol evidence to vary written agreements.*

The rule as to the admissibility of parol evidence to vary written agreements does not touch the validity of the agreement sought to be proved, but only the kind of evidence by which the party may be compelled to prove it; and if the agreement is admitted on trial, or by the pleadings, or is proved without objection, by parol evidence, it is a waiver of the rule, and becomes the agreement, as fully operative as if it had been proved by a writing.

ASSUMPSIT to recover the amount of a draft. Plea, the general issue, and trial by jury, June term, 1872, Ross, J., presiding.

Said draft was drawn on the 5th of November, 1870, by one Lynde, on the Howard National Bank of Boston, in favor of the defendant, and by him endorsed to the plaintiff about the 10th of the same November, and by the plaintiff indorsed to one Damon,

and was presented and protested for non-payment, February 6, 1871, and taken up by the plaintiff as indorser. In 1870, the plaintiff was a merchant at Hardwick, and the defendant was a farmer and cattle-drover, residing in the same town. Lynde was a butcher in the vicinity of Boston, and was well known to the defendant, but unknown to the plaintiff. The draft was sent to the defendant, at Hardwick, in payment of cattle purchased of him by Lynde, and the defendant, upon its receipt, indorsed the same to the plaintiff, and received the face of it in money. The plaintiff, without objection, gave evidence tending to show that when the defendant asked him for the money on the draft, he told him he did not know the drawer, and could not then use the draft, as he had no bills in Boston, but that he could accommodate him with the money if he would allow him to hold the draft without presentment for payment, until he had bills to pay in Boston ; that the defendant thereupon indorsed the draft and received the money on it, and agreed that he might keep it till he had bills due in Boston ; that the plaintiff forwarded the draft in payment of the first bills he had fall due in Boston, at the time they fell due, and that the same came back protested.

The defendant's testimony tended to show that he only agreed that the plaintiff might hold the draft two or three weeks, at the longest, and that before he left the store, after having received the money, he requested the plaintiff not to wait that length of time, but to send it forward at once. The plaintiff denied this request. The defendant's testimony further tended to show, that Lynde failed, or stopped payment, and withdrew his funds from said bank, on the 24th of January, 1871, and that he had funds there to pay said draft till that day. After the testimony was closed and the arguments commenced, the defendant requested the court to charge the jury that " the plaintiff cannot change the legal duty of immediate presentment under the law-merchant, by parol testimony, and that the indorsement of the draft by the defendant governs the contract." The court refused to charge as requested, but submitted the case to the jury upon the evidence which had been received without objection, with instructions not excepted to. To the refusal to charge as requested, the defendant excepted.

*B. N. Davis*, for the defendant.

It is the duty of the court to charge correctly and fully upon every point material to the decision of the case, upon which there is testimony, whether requested or not. *Vaughn* v. *Porter*, 16 Vt. 266. In this case the request was on the opening argument for the defendant. In *Stanton* v. *Banister*, 2 Vt. 464, the levy of an execution on real estate was read to the jury without objection, but the court held that its invalidity might be urged in argument, and the court requested to instruct the jury upon the subject. *Wait* v. *Maxwell*, 5 Pick. 220.

The important question in the case is, whether parol evidence can be received to vary the contract of indorsement. So far as the contract is expressed in writing, the plaintiff was to observe the condition of immediately sending the draft forward and make a demand of payment. Story Prom. Notes, § 147. It was competent for the parties to contract to waive presentment indefinitely ; but such enlarged liability being part of the contract, and not reduced to writing, cannot be supplied by parol. *Hoar* v. *Graham*, 3 Conn. 57 ; Chit. Bills, 466.

*L. D. Hathaway*, for the plaintiff.

The defendant did not seasonably object to the testimony. The defendant's request amounted to asking the court to rule out the parol testimony after it had been introduced by both sides without objection. The court rightly refused to charge as requested. *Williams* v. *Haywood*, 41 Vt. 279 ; *Laurent* v. *Vaughn*, 30 Vt. 90 ; *Hills* v. *Marlboro*, 40 Vt. 648 ; *Wakefield* v. *Fairman et al.* 41 Vt. 339.

If the testimony had been seasonably objected to, it would have been admissible for the purpose of showing the contract the parties made, for the reason that they were both parties to the draft. *Pitkin* v. *Flanagan*, 23 Vt. 160 ; *Sandford* v. *Norton*, 14 Vt. 228 ; *Strong* v. *Riker*, 16 Vt. 554 ; *Sylvester* v. *Downer*, 20 Vt. 355 ; *Barrows* v. *Lane et al.* 5 Vt. 161 ; *Miner* v. *Robinson*, 1 D. Chip. 392 ; *Marsh* v. *Babcock*, 2 D. Chip. 124 ; *Lathrop* v. *Wilson*, 30 Vt. 604 ; *Adams* v. *Flanagan*, 36 Vt. 400. It is in the power of parties to waive the rule that parol evidence is not

Davis v. Goodrich.

admissible to vary a written contract, and when waived, the evidence is admissible like any other proper evidence; and when a party does not object to the introduction of such evidence to vary or explain written contracts, he is understood to waive the rule. *Hills* v. *Marlboro, supra ; Carpenter* v. *McClure*, 37 Vt. 127. Parol evidence was admissible to show what the contract was, and also to show what was in the contract, which does not vary or contradict the indorsement. *Winn* v. *Chamberlin,* 32 Vt. 318 ; *White* v. *Miller,* 22 Vt. 380 ; *Harwood* v. *Harwood,* Ib. 507 ; *Holmes* v. *Crossett,* 33 Vt. 116 ; *Hayward Rubber Co.* v. *Duncklee,* 30 Vt. 29 ; *Hopkins* v. *School District No. 3 in Danby,* 27 Vt. 281 ; *Linsley* v. *Lovely,* 26 Vt. 123 ; *Lowry et al.* v. *Adams,* 22 Vt. 160. No time was specified in the indorsement when the draft was to be presented, hence the plaintiff was entitled to a reasonable time, under the circumstances of the case, to make presentment. Story Prom. Notes, (5th ed.) 650, 659, 661. The parol evidence was no contradiction of the indorsement ; and it is evident that the parties did not intend to reduce the whole contract to writing ; hence parol evidence was admissible to prove what the contract was. *Winn* v. *Chamberlin, supra.*

The opinion of the court was delivered by

BARRETT, J. It is unquestionably true that as between plaintiff and defendant, if the alleged agreement as to the time of presenting the draft for payment had been in writing, as it was a part of the transaction of purchase by the plaintiff, it might be proved by the writing, and would be effectual in behalf of the plaintiff. The rule as to parol evidence which the defendant insists on in this case, does not touch the validity of the agreement, but only the kind of evidence by which the party may be compelled to prove the agreement. If the agreement is admitted on the trial, or by the pleadings, or it is proved without objection by parol evidence, it is a waiver of the rule, and leaves the agreement as fully operative as if it had been proved by a writing. See *Noyes* v. *Evans,* 6 Vt. 628 ; 37 Vt. 127, *Carpenter* v. *McClure.*

Judgment affirmed.