F. N. Phillips Co., Inc. *v.* Gay's Express, Inc.

Special Term at Rutland, November, 1940.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed May 13, 1941.

*Raymond Trainor* for defendant.

*Frederick J. Fayette* for plaintiff.

JEFFORDS, J. The complaint in this case contained two counts, the joinder of which is not here questioned. It is apparent that in the trial, the plaintiff relied only on the first which reads as follows:

"The defendant is a trucking company engaged in inter-state transportation of general freight. The said defendant did at various times contract to carry certain goods for the plaintiff, said goods to be delivered to the consignee, a Harbro Manufacturing Corporation of Bellows Falls, said goods being consigned on a strictly C.O.D. basis. The said defendant did accept the various shipments of merchandise on a C.O.D. basis, but in breach of their contract as carrier failed to carry out the provisions of the contract and did deliver said goods without receiving payment for same, and did so deliver without the consent or authority of the plaintiff."

The defendant in its answer admitted certain of the allegations in the complaint and denied others including that of shipment on a strictly C.O.D. basis and delivery without the consent or authority of the plaintiff. It alleged, in substance, that on November 20, 1939, the plaintiff and the Harbro Co. entered into an agreement in regard to the C.O.D. shipments from plaintiff to Harbro Co. to the effect that the shipments could be delivered without payment of cash and upon receipt of checks post dated ten days and made payable to the plaintiff. Defendant also alleged that this agreement was communicated to it by Harbro Co. immediately after it was made and that thereafter all deliveries were handled in accordance with the terms of this agreement and all shipments included in plaintiff's

specifications were shipped and delivered in pursuance of and in accordance with the terms of the agreement until a certain day in December, 1939, when the Harbro Co. because of financial trouble was unable to honor its checks and temporarily ceased doing business.

The first witness called by the plaintiff was David Davidoff, its treasurer and general manager. During the course of his examination he was asked:

"Q. Mr. Davidoff, did you ever enter into any agreement with Gay's Express Company as to a variation of the terms on which these shipments were made?

A. No, sir, I did not.

Q. Did Gay's Express Company ever ask you regarding change in the terms of these deliveries or shipments?

A. No, sir, they did not."

The cross examination of this witness was devoted largely, if not entirely, to an attempt to show that a change had taken place in the manner of doing business between the plaintiff and Harbro Co. and that this change was in effect at the time the deliveries in question were made. The witness admitted that when business relations were commenced with Harbro Co. in September, 1939, the checks that were received by the plaintiff for payment of goods shipped Harbro Co. were drawn by the defendant. He also admitted that after he had a talk with a Mr. Ben Hartwell of the Harbro Co. a change was made so that checks of the Harbro Co. dated ten days after the date of Harbro invoices, were received in payment of the same from the defendant instead of defendant's own checks as theretofore. The witness denied that this general change came about through any arrangement with the Harbro Co. and professed not to know much about the change, in effect placing it on the defendant. He did admit that such an arrangement in the change of checks was had with Harbro Co. in one instance and later admitted another instance.

During the course of the cross examination the witness was asked: "Q. You had an arrangement with Harbro, didn't you,

your company, by which they could pay for invoices by checks dated ten days after the date of invoices?'' This question was objected to as ''Irrelevant to the issues at the present time.'' It was ruled relevant and the plaintiff allowed an exception. The answer was: ''No, we had no such arrangement except in one exception which is clearly marked on the invoice.''

Outside of this one instance all timely objections to questions on this cross examination were either based on the lack of knowledge of the witness as to the claimed post dating of the checks or to the wording of a certain question.

In re-direct examination after questions, the answers to which indicated he did not know that certain checks were post dated, the witness testified that with two exceptions all the invoices in question carried C.O.D. instructions and none other; that there was never any deviation from that practice and that he never entered into any agreement with defendant relative to a change in the instructions that appeared on the original invoice.

Max D. Bliss, treasurer of the defendant, was next called as a witness by the plaintiff. He identified certain C.O.D. freight bills covering the shipments in question which were admitted as exhibits. He testified, in effect, that freight bills are contracts between the shipper and the carrier; that each freight bill represents an entirely new contract; that the freight bill itself shows the conditions and instructions which govern the delivery of the goods and that on the face of the freight bills admitted as exhibits there were no other instructions except C.O.D. He did not admit that there were no other contracts relating to the shipments in question other than the freight bills. He was then asked: ''Is there any other evidence or paper, Mr. Bliss, in your records, which indicates the conditions or instructions of delivery to the carriers?'' He replied: ''There was an agreement between the Harbro Manufacturing Company and Phillips that we were to deliver these goods and accept checks dated ten days after the date of this freight bill.'' He then testified that he knew personally of this agreement and was asked how he learned of it and replied that it was called to his attention by a clerk in his office and that he then went to Boston to see Mr. Hartwell of the Harbro Co. That Hartwell told him of the agreement

and that it was to continue in force until he (witness) was advised differently.

The witness was then questioned further in respect to the agreement and testified, in effect, that he acted on Mr. Hartwell's word and did not get in touch with the plaintiff to verify it but as plaintiff did not complain of the change in checks he assumed that it had consented to the terms of the new agreement.

The witness was then cross examined by defendant's counsel relative to the talk with Hartwell concerning the agreement without objection by plaintiff. On re-direct he was again questioned as to the talk with Hartwell and the change in checks. On re-cross examination he was asked why the change was made at that time, referring to the time of the talk between witness and Hartwell. He started to state in answer what Mr. Hartwell told him when he was interrupted by an objection based only on the ground that the answer must be "hearsay," and it was excluded.

The plaintiff put on another witness whose testimony is not here material and then rested its case.

The first witness called by the defendant was Arthur Hartwell, treasurer of the Harbro Co. After some preliminary questions he was asked to tell the date when a change was made in the drawing of the checks of the Harbro Co. so that the payee in the future would be the plaintiff instead of the defendant as in the past. This question was objected to on the ground, in effect, that it was an attempt to vary the terms of an unambiguous written contract by parol evidence. On the promise of the defendant to show that this oral agreement was acted upon the court admitted the question, very apparently on the issue of waiver. The plaintiff was allowed an exception and the witness gave November 20, 1939, as the date.

Benjamin Hartwell, vice president and general manager of the Harbro Co. was then called by the defendant. He testified as to the original arrangement between plaintiff and his company in the manner of making out the checks and that this arrangement continued until about the 20th of November. He was then asked, "Then was there a change?" This question was objected to on the ground that the freight bills were contracts and could not be changed or varied by a prior parol agree-

54

ment. The defendant's counsel stated that he would show by this witness that on or about November 20, 1939, he went to Boston and had a talk with witness Davidoff. That as a result of this talk an agreement was reached as to a change in the method of doing business between Harbro Co. and the plaintiff, especially as to the manner in which checks for shipments should be drawn. That the checks would not be made out by Harbro Co. as theretofore to the defendant but would be made out to the plaintiff and post dated ten days after the date of the invoices for which they were given. That Mr. Hartwell was authorized to convey the terms of this agreement to the defendant which he did. That after the date of this agreement shipments were not made C.O.D. regardless of the documents in the case, but they were made under the terms of this arrangement.

The question was excluded and a ruling made by the court limiting evidence from this witness and the defendant allowed an exception. Later the defendant renewed its offer in language substantially as above noted and stated several grounds for the reception of the offered evidence. The only one here relied upon was to the effect that the plaintiff by its pleadings and evidence had made this claimed agreement an issue in the case, and that being so, the defendant would be prejudiced if not permitted to introduce evidence favorable to its side on the controverted matter. The evidence was again excluded and the defendant granted an exception on each ground stated.

The court submitted to the jury the question of whether the plaintiff by its manner of treatment of certain of the checks that were protested waived the C.O.D. provision as to shipments for which these checks were given and held as a matter of law that there was no evidence of waiver as to the other shipments. In no other respect was the issue of the claimed oral agreement submitted. Exceptions were taken by the defendant to the charge. The jury returned a verdict for the full amount claimed and judgment for plaintiff was entered upon the verdict.

The defendant does not question that the offered testimony would be barred under the parol evidence rule unless rendered admissible on the above relied on ground. Consequently the only question for our determination is whether the defendant is correct in its position that the court committed reversible error in ruling as it did.

■ The plaintiff claims in its brief that the defendant is precluded from raising here this claim of error because its exceptions to the charge of the court were so general as to amount to no exceptions at all, and that consequently the law charged by the court whether right or wrong has been adopted by the defendant as the law of the case. We are not called upon to construe the exceptions taken for no exception to the charge was necessary to make available here the exception previously saved to the exclusion of the offered evidence. *Commercial Finance Corp.* v. *Gale,* 105 Vt. 3, 7, 162 Atl. 899; *McSweeney et ux.* v. *Dorn,* 104 Vt. 110, 158 Atl. 88; *Paska et al.* v. *Saunders et al.,* 103 Vt. 204, 218, 153 Atl. 451; *Berkley* v. *Burlington Cadillac Co. Inc.,* 97 Vt. 260, 269, 128 Atl. 665.

It might be said that the plaintiff by the course it chose to pursue in the way of pleading, introduction of evidence and failure to object to evidence bearing on the existence of the claimed oral agreement had made the same an issue in the case for submission to the jury and consequently had waived its right to rely on the parol evidence rule when it did, if this rule is to be treated merely as one of evidence.

The courts are not uniform in their interpretation of the parol evidence rule. Some hold that it is one of evidence merely while others hold that it is one of substantive law. 22 C. J. 1075; Ann. 92 A. L. R. 810, 812. The jurisdictions coming within the first class are in the small minority. According to the modern and better view the rule is one of substantive law. 22 C. J. *supra*; 20 Am. Jr. 963, sec. 1100; Thayer Prel. Treat. on Ev. 390 et seq.; Wigmore Ev. 3rd ed. sec. 2400. Restatement of the Law of Contracts, sec. 237, comment a. According to Dean Wigmore the rule does not exclude certain data because untrustworthy or undesirable as evidence but what it does is to declare that certain kinds of fact are legally ineffective in the substantive law and this results in forbidding the fact to be proved at all. These same principles are set forth, in substance, by other text writers and judges in stating the basis and the result of the substantive law doctrine. For example it is said in *Mears* v. *Smith,* 199 Mass. 319, 85 N. E. 165, that the rule rests on the doctrine that when parties have deliberately put their agreements in the form of a written contract they shall not be allowed to show that the agreement was something else.

It would seem important to determine which of the two interpretations of the parol evidence rule is to be here applied. An examination of our cases discloses that in *Noyes* v. *Evans*, 6 Vt. 628, 27 Am. Dec. 579; *Carpenter* v. *McClure*, 37 Vt. 127, and *Davis* v. *Goodrich*, 45 Vt. 56, the rule was treated as one of evidence merely. It might be argued that in *Wood* v. *James*, 93 Vt. 36, 106 Atl. 566; *Winn* v. *Chamberlin*, 32 Vt. 318, and *Wason* v. *Rowe*, 16 Vt. 525, the rule was recognized as being one of substantive law, although not so expressly stated, but the three first above cases were not in any of these latter cases referred to and any doubt in the matter is removed by what is said by the late Chief Justice Powers in *O'Brien, Admr.* v. *Holden et al.*, 104 Vt. 338, 160 Atl. 192, when after stating the rule as expressed by Dean Wigmore the Chief Justice states:

> "The author points out that this is something more than a rule of evidence, and asserts that it is a rule of substantive law. There is much good sense in this view, but we seem to have been content to treat the question of admissibility as one of evidence."

It is apparent then that up to the present time we have been with the minority on this question. In our opinion our rule should be changed and the one of substantive law adopted for we are in entire accord with the statements, *supra*, to the effect that this latter rule is the better and more logical. Consequently, we hold, for the purposes of this case, and for the future, that the parol evidence rule is to be treated as one of substantive law and not as evidence merely.

Having adopted the substantive law rule we must apply it to the case at hand. The allegation in the complaint to the effect that the defendant made the deliveries in question other than on a C.O.D. basis without the consent or authority of the plaintiff was unnecessary to sustain its right to recover upon the C.O.D. contracts as evidenced by the freight bills and consequently this was unnecessary pleading. Here the plaintiff was apparently anticipating a defense. If the plaintiff had given its consent to the defendant to make the deliveries as it did and such consent could be proved by legal evidence, it would bar the plaintiff's right to recover. From the allegation in the complaint it could not be inferred whether the consent anticipated

as a defense would be claimed to have been oral or written or given before, at the time of, or after the issuance of the freight bills and invoices upon which the plaintiff bases its right of action. From defendant's answer, taken in connection with the evidence on this point, and from such evidence, it is apparent that the claimed consent agreement was entered into, if at all, prior to the issuance of the bills and invoices here relied on. It is also plain from the evidence that such claimed agreement was oral, no evidence of it being in writing except in the case of one or two invoices apparently not here in question. Thus it is seen, assuming it can be said the plaintiff raised an issue of consent by pleading as it did, and by following such pleading by introducing evidence bearing on the same, that the determination of such issue was here barred by the substantive law rule. The contracts relied upon were in writing and unambiguous. Under the rule it is conclusively presumed that the writings integrated the contracts. If in fact there was a previous oral agreement which varied the terms of the contracts this rule of law forbade that it be shown. Consequently, the fact of whether such oral agreement was made was wholly immaterial to the plaintiff's right of recovery. It follows that the evidence put in by both sides as bearing on this question was immaterial and incompetent on any issue properly in the case. Such was the situation at the time of the objection to the offered evidence before noted. We could find no case with facts like the ones here presented to aid us in determining whether the lower court was correct in its ruling. It would seem that the question here is like in principle to that applying in cases which had to do with the consideration of the legal effect of parol evidence inadmissible under the parol evidence rule but admitted without objection. Many such cases are collected in the annotation on this subject appearing in 92 A. L. R. at page 810. From a study of some of the opinions of the Supreme Judicial Court of Massachusetts it is apparent the rule in that jurisdiction is that oral testimony tending to vary the terms of a written unambiguous contract, though admitted without objection, has no legal effect and is not such as can be considered by the appellate court. *Mears* v. *Smith, supra; Kavanaugh* v. *Johnson,* 290 Mass. 587, 195 N. E. 797; *De Pasquale* v. *Bradlee et al.,* 258 Mass. 483, 156 N. E. 37; *Martin* v. *Jablowski,* 253 Mass. 451, 149 N. E. 156. See,

58

also, cases from that and other jurisdictions cited in note 16 to the above annotation. If this rule is adopted in the present case it is clear that the lower court was correct in its ruling, for if the excluded evidence could have no legal effect there could be no harmful error in excluding the same. On the other hand the Court of Appeals of New York in *Higgs* v. *De Maziroff*, 263 N. Y. 473, 189 N. E. 555, 92 A. L. R. 807, although recognizing the parol evidence rule as one of substantive law, interpreted it differently. In this case it was held in effect that the rule could be waived and that no error could be asserted on appeal based on the admission of parol evidence unless in some form the attention of the trial judge was directed to the fact that the writings integrate the contract and must be resorted to exclusively as proof thereof. See, also, *Brady* v. *Nally*, 151 N. Y. 258, 45 N. E. 547.

It is not necessary for us to determine in this case whether we would follow the Massachusetts rule or the New York rule, or either, in their treatment of parol evidence admitted without objection. It is apparent under either as applied to the situation here, and from our own construction of the rule, that when the attention of the lower court was called by counsel to the fact that the plaintiff was relying on the rule it was the duty of the court to hold as it did.

 It is clear that under the New York decisions, *supra*, a waiver of the substantive law rule can not be said to have been given in the trial court by the failure to object to the admission of inadmissible parol evidence or by failure to move to strike out the same until the case is there terminated. The question here presented is somewhat different from the one there considered which had to do only with a waiver arising from the above noted failures by a party and the result of such waiver on the otherwise·inadmissible testimony admitted without objection. Here the fundamental question is whether, assuming that the plaintiff raised the issue of the claimed oral agreement, it had waived its right to rely on the parol evidence rule by the course which it had chosen to pursue in the way of pleading and as to inadmissible evidence and thus was estopped to claim as it did, in effect, that such issue though raised by it was immaterial and thus not in the case for submission to the jury. The same general principle, however, appears here as in the New York cases.

If, as seems to be the rule in New York, it cannot be safely or rightfully said before the case is terminated in the trial court that a party has beyond question intended to relinquish its right to rely on the rule by the failures noted in the New York decisions we can think of no good reason why a waiver must or could be conclusively presumed because, as here, there were not only such failures but also unnecessary pleading by the plaintiff and the introduction by it of inadmissible evidence on an immaterial issue. We hold, as before indicated, that at the time of the objection the plaintiff had not waived its rights to rely on the presumption raised by the rule and that there was at that time no issue of the claimed oral agreement in the case to be submitted to the jury. This is as far as the facts here presented require us to go in interpreting the substantive law rule and applying it to present case. In support of our holding see *Pitcairn* v. *Philip Hiss Co.*, 125 Fed. 110; *Bushnell* v. *Elkins*, 34 Wyo. 495, 245 Pac. 304, 51 A. L. R. 13; *Loomis* v. *New York Cent. & H. R. R. Co.*, 203 N. Y. 359, 96 N. E. 748, Ann. Cas. 1913A 928.

The case at hand is distinguished from *Bogh* v. *Gassert*, 149 U. S. 17, 13 Sup. Ct. 738, 37 L. Ed. 631. In that case it was held that one who has given evidence of conversations which took place between the parties to a written agreement before the agreement was made cannot object to the other party giving his own version of the same conversations. It is not clear that the Court treated the parol evidence rule as one of substantive law and not as evidence merely. Assuming, however, that it did, one difference among others is that in the *Bogh* case the conversations were pertinent to an issue to be submitted to the jury. Here there was no such issue to be supported by the inadmissible evidence introduced by the plaintiff.

Inasmuch as the claimed oral agreement was not in the case for submission to the jury at the time of the objection to the offered evidence, as before stated, it cannot be said that the defendant was prejudiced by the ruling of the court.

*Judgment affirmed.*