CARL O. JOHANSSON'S ADMR. *v.* GRANITE SAVINGS BANK & TRUST COMPANY.

October Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 6, 1945.

*Deane C. Davis* and *Hunt & Hunt* for the plaintiff.

*Wilson & Keyser* for the defendant.

STURTEVANT, J. This is an action for money had and received in which the plaintiff seeks to recover of the defendant the net proceeds of a life insurance policy No. 765343 issued by the Connecticut Mutual Life Insurance Company in the sum of $2500.00 upon the life of Carl O. Johansson, deceased, which policy was under assignment to the defendant. Trial was by court and on the facts found judgment was entered for the plaintiff to recover the sum of $1218.35 and interest. The case is here on exceptions by both parties.

Among the facts found appear the following material to the questions presented for our consideration.

At all times here material the Granite Savings Bank and Trust Company was engaged in a general banking business at Barre in this State. The Steele Granite Company, Inc., now dissolved by bankruptcy proceedings, formerly did business in that city. Axel Erickson, Alfred Wilhelmsen and Carl O. Johansson were stockholders in the Steele Granite Company, Inc., which is hereinafter referred to as "the company".

On May 29, 1937, the company purchased property in Barre

known as the Girard & Barclay Granite Shed. On that day the company owed the defendant a debt in the sum of $12,175.00 and then borrowed from the defendant the further sum of $10,000.00 to pay for the property purchased. This loan was evidenced by three notes, one for $6000.00 and one for $3000.00, each signed by the company only, and another note for $1000.00 signed by the company and by the three stockholders above mentioned, Erickson, Wilhelmsen and Johansson. The $1000.00 note was a collateral note and stated that there was deposited with the bank as collateral security three life insurance policies issued by the Connecticut Mutual Life Insurance Company, Nos. 765344, 765342 and 765340, each for the sum of $5000. on the lives of Erickson, Johansson and Wilhelmsen respectively. The company was the named beneficiary in each of these policies, paid the premiums on them and was the owner of each of them. At the same time the company also executed and delivered to the defendant assignments of each of these policies, which assignments were absolute in form but were for the purpose of assigning the policies to the defendant as collateral security for the $1000.00 note and all other debts and liabilities then due or to become due thereafter from the company, Erickson, Wilhelmsen and Johansson. The assignments were not limited as security for the $1000.00 note. The company had the entire consideration for all three notes and as to the company Johansson was an accomodation signer or maker on the $1000.00 note and these facts were known to the defendant. The $1000.00 note was on a printed form prepared and furnished by the defendant and that note will be again referred to when we consider the defendant's exceptions.

Also on May 29, 1937, the company made and delivered to the defendant a mortgage on the real estate purchased with the proceeds of the loan. This mortgage was to secure the $6000. note and all other debts of the company to the bank, both present and future.

On November 20, 1939, Erickson, Wilhelmsen and Johansson each borrowed from the defendant the sum of $500., each giving his personal note as evidence of his loan and the total of these loans, $1500.00, was deposited in the checking account of the company at the request of the borrowers. Erickson assigned to the defendant as security for his $500. note and other obligations then owing or that he might thereafter owe to the defendant an

insurance policy on his life in the sum of $2500.00. On the same day Wilhelmsen assigned to the defendant an insurance policy, No. 9912084, issued by the New York Life Insurance Company on his life in the sum of $5000.00 as collateral security for any and all liabilities of him to the defendant, either present or future.

As security for his $500. note Johansson assigned to the defendant an insurance policy on his life, policy No. 765343, issued by the Connecticut Mutual Life Insurance Company in the sum of $2500.00. At that time Johansson's wife Augusta was the beneficiary named in that policy and she joined in the assignment to the defendant. Carl O. Johansson died at Barre on October 10, 1943. At that time policy No. 765343 was in full force. His wife predeceased him and by the terms of the policy her interest as beneficiary had vested in Johansson, his executors, administrators or assigns. At the time of his death Johansson was the owner of the last mentioned policy subject to such rights as the defendant had by virtue of the Johansson $500.00 note and the assignment aforementioned made on November 20, 1939. Johansson paid the premiums on this policy up to April 1, 1942. The defendant paid the premium falling due on that date in the sum of $144.33 and the premium due April 1, 1943, in the sum of $147.35. Interest on these premiums to October 29, 1943, amounts to $17.37. Johansson paid the interest on the $500. note to January 1, 1942, and interest from that date to October 29, 1943, amounts to $57.08. On October 29, 1943, the defendant was paid the proceeds of policy No. 765343 by the insurance company in the sum of $2517.23.

On November 23, 1939, the company borrowed $400. from the defendant and gave to it as evidence of this debt a note signed by the company and by Erickson, Johansson and Wilhelmsen. This note was renewed on November 23, 1941, by the giving of another note for the sum of $400. signed by the company, Erickson and Johansson. Wilhelmsen had deceased before the giving of this renewal note. Johansson signed the $400. renewal note at the request of the defendant and as an accomodation party and that he was such was known to the defendant.

Wilhelmsen died at Barre in December, 1939. On January 9, 1940, the defendant received the proceeds of insurance policy No. 765340 described in the $1000. note, same being on the life of Wilhelmsen. The amount so received was $5030.30. No part of this money was applied by the defendant on the $1000.00 note. The

company continued to make payments on this note until January 21, 1942, when the interest was paid to July 1, 1941. On January 9, 1940, the defendant wrote the company a letter showing that the proceeds of this policy had been applied on the company's indebtedness other than the $1000.00 note. The defendant never received a reply to that letter and no objection was made by the company or anyone else to the application of these funds made by the bank. Concerning this matter the findings state that it is not found that Johansson had personal notice of the application of these funds made by the bank.

On January 9, 1940, the defendant received from the insurance company proceeds of policy No. 9912084 issued on the life of Wilhelmsen in the sum of $5009.07. This was a policy described in Wilhelmsen's $500. personal note, dated November 20, 1939. The defendant deducted the amount due on that note and paid the balance over to the widow of Wilhelmsen, who was the beneficiary named in the policy, the defendant claiming at that time that it had the right to apply the proceeds of that policy on any of the company's notes which Wilhelmsen had signed, namely, the $1000.00 note and the $400. note dated November 23, 1939. Johansson approved the payment to the widow as herein stated and he signed the $400. note dated November 23, 1941, after he had knowledge of such payment.

On May 11, 1942, the company was adjudicated a bankrupt and a trustee was duly appointed. On May 23, 1942, the defendant filed its proof of claim against the bankrupt in the sum of $25,118.20. Included among copies of notes attached to this proof of claim were copies of the $1000. note and the $400. note dated November 23, 1941. The proof of debt filed stated that the defendant held securities as listed for its debt and included among these securities were mentioned a chattel mortgage on personal property of the company and the real estate mortgage hereinbefore mentioned as given to the defendant May 29, 1937. The defendant entered into negotiations with the trustee whereby it proposed to give a credit of $12,000.00 on its indebtedness in consideration of the property, real and personal, covered by the mortgages herein mentioned. The trustee filed a petition asking the referee to grant him authority to make the conveyance in accordance with this proposal. The petition was granted and authority given to make the conveyance and this was done on May 11, 1943, and the de-

fendant credited $12,000.00 on its indebtedness against the bankrupt. The mortgages herein mentioned at the time of the bankruptcy of the company were held by the defendant as security for all indebtedness against the company. The debt presented for proof in the bankrupt estate by the defendant included the $1000.00 note and the $400.00 note and no part of this $12,000.00 credit was applied to either of these notes by the defendant. It is found that on January 9, 1940, it was the duty of the defendant to apply such part of the proceeds of policy No. 765340, amounting to $5030.30, as may have been necessary to pay in full the $1000.00 note and that on October 29, 1943, the estate of Carl O. Johansson was not liable to the defendant in any amount on that note.

The findings state that on October 29, 1943, the $400.00 note dated November 23, 1941, was not paid in full or in part by operation of law or otherwise and that on that date there was due on said note the sum of $444.40 and the estate of Carl O. Johansson was liable to the defendant for the full amount then due on that note.

It is found that on October 29, 1943, the defendant was entitled to deduct from the proceeds of policy No. 765343 in the sum of $2517.23 the following items.

| | |
|---|---|
| Principal and interest on note dated April 20, 1939, | $557.08 |
| Premium on policy No. 765343 paid April 1, 1942, | 144.33 |
| Premium on policy No. 765343 paid April 1, 1943, | 147.35 |
| Interest on premiums paid to October 29, 1943, | 17.37 |
| Principal and interest on note dated November 23, 1941, | 444.40 |
| Total | $1310.53 |

This leaves a balance found to be due the plaintiff in the sum of $1206.70 with interest from October 29, 1943, which the trial court found that the plaintiff is entitled to recover in this action.

It is also found that on March 27, 1944, the defendant received a dividend from the bankrupt estate in the sum of $75.65 and that the plaintiff was entitled to receive a pro rata proportion of this dividend in the sum of $11.65 which he is also entitled to recover in this action.

We first take up the defendant's exceptions. After some ev-

idence had been introduced at the trial the plaintiff filed a motion asking that the defendant be required to elect upon which of the two defenses stated in its answer it would rely. The court granted this motion and the defendant had an exception.

The answer alleges that it is a rule in bankruptcy that a creditor holding a life insurance policy as collateral security is chargeable with only the cash surrender value of the policy at the time of the bankruptcy of the debtor. Following this allegation the answer contains the following statement:

> "It is the claim of the defendant that the same rule applies as to the amount received by it upon policy No. 765343, upon the life of Carl O. Johansson, which policy was held as collateral security by the bank at the time of said Johansson's death. This policy was abandoned, according to the claim of the defendant, to the defendant by the said Johansson when he failed to pay the premium on the same due in April, 1942, and it is the claim of the defendant that from that time on the said policy was the property of the bank."

■ That the defendant could not at the same time hold the policy mentioned as collateral security and also be the owner of it is self-evident. The proof of either assertion shows the other to be false. The defenses stated are inconsistent. *Doubleday v. Town of Stockbridge,* 109 Vt 167, 170, 194 A 462, and cases cited. It follows that there was no error in the ruling of the court requiring the defendant to elect. P. L. 1574, § II.

While the defendant saved several exceptions to the findings, they raise but one question, namely; Was it required to pay the $1000.00 collateral note out of the proceeds of the $5000.00 insurance policy on the life of Alfred Wilhelmsen, which policy was owned by the company and assigned to the defendant and use the proceeds only upon notes similarly signed at the time this money was received, namely, on January 9, 1940? The plaintiff contends that it was the defendant's duty so to do and the defendant claims that the assignments of the policies described in the $1000.00 note were executed for the purpose of giving the defendant collateral security for all the debts and liabilities then

due or to become thereafter due from the company to the defendant. The $1000.00 note describes the policies which were given to the defendant as collateral security and this description includes the policy here in question. Following this description the findings state that the note contains the following statement:

"The above specified collateral to be holden for the payment of this note and any other notes, debts or liabilities now due or to become due or that may be hereafter contracted to said Bank."

The defendant contends that this statement does not clearly designate what other notes, debts and liabilities are secured by the collateral specified and therefore what was the intention of the parties as to this matter was a fact for the court to find from evidence and the circumstances having to do with the transaction. It is a rule of construction that when words of particular description are followed by words of general import, the latter can be held to include only things similar in character to those specifically named. *Lorenz and Wife* v. *Campbell, et al.,* 110 Vt 200, 203, 204, 2 A2d 207, and cases cited.

Read in the light of this rule the statement above quoted contained in the $1000.00 note is not ambiguous, indefinite or uncertain. As therein expressed, "the other notes, debts or liabilities" for which the policies mentioned are held as collateral are similar to and of the same character as "this note", that is, notes, debts or liabilities of the signers of the $1000.00 note, namely, the company, Wilhelmsen, Erickson and Johansson. Such being the legal intendment of the contract entered into by the parties as expressed in their writing, it is the duty of the court to so give it effect. *O'Brien, Admr.* v. *Holden, et al.,* 104 Vt 338, 345, 346, 160 A 192, and cases cited; *In Re Beach Estate,* 112 Vt 333, 335, 24 A2d 340; *Kerr & Elliott* v. *Green Mountain Insurance Company,* 111 Vt 502, 509, 510, 18 A2d 164. These exceptions are without merit.

The defendant saved exceptions to the exclusion of several questions asked of its witness Wishart bearing on the question of what notes, debts and liabilities were intended to be secured by the collateral described in the $1000.00 note. From what we have already stated it appears that such evidence was not admissible and the court was without error in excluding it. To the same effect is

*Phillips Company, Inc.* v. *Gay's Express Company, Inc.,* 112 Vt 49, 57, 20 A2d 102. It is to be noted that in the case last cited the parol evidence rule is held to be a rule of substantive law and not a rule of evidence merely. 112 Vt at 56, 20 A2d at 106.

■ What has been hereinbefore stated also applies to the defendant's contention that it was not bound to apply any of the proceeds received on the $5000.00 policy to the payment of the $1000.00 note. When a creditor has security placed in his hands by the principal on account of the debt, on which security the surety has a right to rely, he has no right to part with it or appropriate it to any other purpose, without the consent of the surety; and if he does so he thereby discharges the surety to the amount of the value of such security. *Hurd* v. *Spencer,* 40 Vt 581, 586. The proceeds of the $5000.00 policy were more than sufficient to pay the obligations secured by it and it was the defendant's duty to so apply them. *Patch & Co., et al* v. *First Natl. Bank of Montpelier,* 90 Vt 4, 8, 96 A 423. This makes it unnecessary to consider whether the court was correct in its holding that the $1000.00 note had been paid and satisfied prior to the time of Johansson's decease. That Johansson was not liable thereon at that time is sufficient for the purposes of this case.

We now take up the exceptions briefed by the plaintiff.

The plaintiff calls attention to the language contained in the assignment of policy No. 765343 which assignment to the defendant was made on November 20, 1939, and was signed by Johansson and his wife, Augusta. The findings show that the part of the assignment referred to states as follows:

> "This assignment is made and the policy is to be held as collateral security for any and all liabilities of the undersigned, or any of them, to the assignee, whether now existing or that may hereafter arise in the ordinary course of business between any of the undersigned and the assignee (all of which liabilities secured or to become secured are herein called 'Liabilities')."

■ The plaintiff contends that the $400.00 note signed by the company, Erickson and Johansson on November 23, 1941, does not come within the provisions of this assignment because it does

not appear that Johansson's liability on that note arose in the ordinary course of business between him and the bank. To state that a liability from one person to another arose in the ordinary course of business is a formulary for stating a conclusion of law upon certain facts which, in the given case, may be shown to exist: That is, when, in a given case, the facts shown make it appear that a liability assumed by one person for the benefit of another is one which the law recognizes as binding and valid, then it arises in the ordinary course of business. *National Bank of Chelsea* v. *Isham,* 48 Vt 590, 593. That the liability of Johansson on the note in question comes within this rule appears from unchallenged findings of fact hereinbefore stated. This exception is without merit.

The plaintiff excepted to the court's finding that the $400.00 note here in question was not paid in full or in part by operation of law or otherwise prior to October 29, 1943.

 It appears from the findings that the company was adjudged a bankrupt on May 11, 1942. At that time the defendant held a personal property mortgage and a real estate mortgage as security for all obligations of the company to it. On May 11, 1943, the trustee delivered to the defendant a conveyance of all the property, real and personal, described in the two mortgages in accordance with an agreement between the defendant and the trustee and in accordance with the petition asking the court for authority to make such conveyance and order of the court granting such authority. On that date the total indebtedness from the bankrupt to the defendant was $25,086.24 and the defendant applied a credit to that debt in consideration of the conveyance in the sum of $12,000.00. As between the company and Johansson, the latter was an accomodation signer on the $400.00 note and this fact was known to the defendant. That is, the defendant knew that Johansson was a surety on this note. Under these circumstances, the conveyance amounted to an involuntary payment of $12,000.00 to the defendant. The law made the application of this credit according to established rules, at the time payment was made. *Patch & Co.; et al* v. *First Natl. Bank of Montpelier,* 90 Vt 4, 8, 96 A 423. The right of a creditor to apply a payment as he may wish presupposes that the debtor had a chance to direct how the payment should be applied and failed to do so. Such are

not the facts here. *Putnam* v. *Swain,* 102 Vt 90, 93, 146 A 6. The application which the law makes under the circumstances of such case is one that is just and equitable between the parties. Such distribution gives a credit to each part of the total claim according as it was the basis of the payment made. *Wetmore & Morse Granite Co.* v. *Ryle, et al.,* 93 Vt 245, 253, 254, 107 A 109; Restatement of the Law on Contracts, Vol. II, § 393. Making a credit on the note on May 11, 1943, according as the law applied the $12,000.00 payment, left a balance due on that note as of that date in the sum of $227.70 and as of October 29, 1943, the amount due on this $400.00 note was $234.08 instead of $444.40 as found by the court. This error was carried forward into the court's finding that from the proceeds of policy No. 765343 the plaintiff is entitled to recover the sum of $1206.70 as of October 29, 1943. The $400.00 note is the only item in dispute which entered into this computation and finding. The overcharge on the $400.00 note included in the court's computaton is $210.32. It follows that from the proceeds of policy No. 765343 received by the defendant on October 29, 1943, the plaintiff is entitled to recover in this action as of that date the sum of $1417.02.

The findings state that on March 27, 1944, the defendant received from the bankrupt estate a dividend in the sum of $75.65 and that as computed by the defendant the amount then due to it from the company was $9499.55. It is also found that this amount included $1463.83 which the defendant claimed was the total sum due to it on the $1000.00 note and the $400.00 note. We have seen that Johansson paid no part of the $1000.00 note and that his payment on the $400.00 note was $234.08 as of October 29, 1943, which the defendant was entitled to deduct from the proceeds of policy No. 765343 received at that time. It follows that the plaintiff is entitled to recover such proportion of that dividend as $234.08 bears to $9499.55 or $1.84 as of March 27, 1944.

The result is: *Judgment reversed and judgment for the plaintiff to recover of the defendant the sum of $1417.02 with interest from October 29, 1943, plus the sum of $1.84 with interest from March 27, 1944, together with his costs.*