## Putney Credit Union v. John L. King and Furgat Tractor & Equipment, Inc.

[286 A.2d 282]

No. 170-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

*Thomas M. French,* Brattleboro, for Plaintiff.

*Gibson & Gibson,* and *Edward A. John,* Brattleboro, for Appellant Furgat Tractor & Equipment, Inc.

**Holden, C.J.** The defendant King, on November 3, 1965, applied to the plaintiff for a loan to enable him to purchase a tractor from the defendant Furgat Tractor and Equipment, Inc. King's credit standing was such that the plaintiff denied

the application. The plaintiff notified King it would not make the loan unless it was secured by a chattel mortgage on the tractor and the additional signature of a comaker.

The loan was not completed until March 30, 1966, when the note in suit was given. The note was in the amount of $3,000, payable to the plaintiff in monthly installments. The instrument was signed by King as maker and the Furgat Corporation, by its president, Walter Furgat, as comaker. Above the makers' signatures, in the body of the instrument, appears: "Collateral: Co-signer and chattel mortgage."

The chattel mortgage on the tractor was executed by King on the same day and subsequently recorded. Although the parties to the mortgage signed a statement that the instrument was given to secure a just debt owing from the mortgagor to the mortgagee, the writing was not sworn to as required by 9 V.S.A. § 1755, then in effect.

After reducing the principal to $2,148, King defaulted on the note. On December 26, 1967, King was adjudged as bankrupt on his voluntary petition. The mortgaged tractor was included in the assets of the bankrupt's estate. The plaintiffs' petition to reclaim the tractor was denied by the referee in bankruptcy because of the shortage in the affidavit appended to the mortgage. Upon the denial of the reclamation petition the plaintiff, for the first time, made demand of the Furgat Company for payment of the note. The defendant's president refused the demand, stating that he understood he had a chattel mortgage and since the mortgage was invalid he "was not paying."

The present suit followed and was tried by jury. The only issue submitted, indeed, the only fact in dispute, was the claim of the Furgat Company that its president signed the note conditionally, upon the plaintiff's agreement to arrange for proper security of the obligation by way of a chattel mortgage or conditional sales contract. Furgat's testimony to this effect was not controverted.

On this question the court instructed the jury, without objection from the plaintiff

"(Y)ou are charged on behalf of Mr. Furgat, that if he has shown by a preponderance or down weight of the

evidence that there was some other written agreement or understanding in the written document to counter the terms of the note, then the defendant is, entitled to have deducted an amount equal to the loss sustained by default, if you find, in fact, that there was mishandling of the collateral which was intended to serve and protect the interest of the defendant."

The jury found the defendant Furgat Company not liable. The plaintiff moved for judgment notwithstanding the verdict on the ground that there was no legal evidence to sustain the findings of the jury. The motion was granted. From the judgment which was entered for the plaintiff in the amount due on the note with interest and costs, the defendant appeals.

On the record presented in this appeal by the defendant, the judgment for the plaintiff cannot stand. Parol evidence was received without objection. This testimony, with the writing on the note itself, created the inference that the defendant's signature, as an accommodation party to the instrument, was procured on the condition that additional security would be provided by way of a lien on the property purchased with the proceeds of the note.

Such proof was competent to establish a conditional delivery within the provisions of the Uniform Negotiable Instruments Law, then in effect. 9 V.S.A. § 316. *Belleville Savings Bank* v. *Bornman, et al.*, 124 Ill. 200, 16 N.E. 210, 211 (1888); *Danville U.A.W. Credit Union* v. *Randle*, 58 Ill. App.2d 84, 206 N.E.2d 253, 259 (1965). Whether such a condition was imposed upon the defendant's signature, as a comaker, depends on the intention of the immediate parties to the negotiation. *Hooper* v. *Levin*, 112 Vt. 321, 325, 24 A.2d 337 (1942). And whether, in truth, the Furgat signature was procured on the condition that the plaintiff would protect the comaker by a valid chattel mortgage presented an issue of fact for the jury to resolve. *Starke* v. *Wannemacher*, 32 N.D. 617, 156 N.W. 494, 4 A.L.R. 167, 171–72 (1916); 11 Am.Jur.2d *Bills and Notes* § 275; 10 C.J.S. *Bills and Notes* § 79.

There are other considerations which militate against the judgment which the trial court entered as a matter of law in favor of the plaintiff. And the decision need not rest on the

question of whether the defendant's signature was conditional or not.

■■ The relationship between an accommodation maker and the party accommodated on a promissory note is that of principal and surety. From the outset of this transaction the Furgat Company, as surety for the principal debtor, King, had a right to be subrogated to the security which the maker had pledged to the plaintiff by way of the chattel mortgage on the tractor when called upon to pay the principal's debt. *Clifford* v. *West Hartford Creamery Co.*, 103 Vt. 229, 249, 153 A. 205 (1931); *Bean* v. *Parker*, 89 Vt. 532, 541, 96 A. 17 (1915).

■ When a creditor holds security advanced by the principal debtor on which the surety has the right to rely, the creditor is bound to protect it. He has no right to part with it or appropriate it to any other purpose without the consent of the surety. If the creditor fails in this obligation, the surety is discharged to the extent of the value of the security. *Johansson* v. *Granite Savings Bank & Trust Co.*, 114 Vt. 336, 344, 44 A.2d 542 (1945).

This doctrine is embodied in the Restatement of Security § 132 (1941):

> Where the creditor has security from the principal and knows of the surety's obligation, the surety's obligation is reduced *pro tanto* if the creditor
> (a) surrenders or releases the security, or
> (b) wilfully or negligently harms it, or
> (c) fails to take reasonable action to preserve its value at a time when the surety does not have the opportunity to take such action.

■ The undisputed facts presented in this appeal establish that the mortgaged property was lost, beyond retrieval, to the trustee in bankruptcy through the plaintiff's negligent oversight in the execution of the chattel mortgage. This occurred before the plaintiff made demand of the defendant to pay the note and without opportunity in Furgat to protect the chattel. Since the lien was lost through fault of the plain-

tiff, the defendant Furgat is discharged to the extent of the value of the lost security. *Sussex Finance Co.* v. *Goslee,* 46 Del. 242, 82 A.2d 743, 746 (1951); 10 C.J.S. *Bills and Notes* § 476.

The only evidence about the value of the tractor came from the defendant King who was called as a witness by the plaintiff. He listed the value in his bankruptcy petition at $3,600. In his opinion, this was the correct value as of May, 1967, for it was in as good shape then as when he acquired it. Since this amount was greater than that due on the note, the jury correctly found the defendant not liable. The trial court was in error in entering judgment contrary to the verdict returned by the jury.

*Judgment reversed. Let judgment for the defendant Furgat Tractor and Equipment, Inc., be entered on the verdict.*